**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHEIDA HUKMAN, | 2:21-cv-01279-APG-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| TERRIBLE HERBST INC., | MOTION TO STAY DISCOVERY [ECF NO. 26]; MOTION TO COMPEL INTERROGATORIES [ECF NO. 27] |
| Defendant. | |

Defendant Terrible Herbst Inc filed a motion to stay discovery (ECF No. 26) and plaintiff filed a motion to compel (ECF No. 27). I grant the defendant's motion to stay. ECF No. 26. I deny the plaintiff's motion to compel without prejudice as moot. ECF No. 27.

**I.  Background**

Pro se plaintiff Sheida Hukman brings claims against her former employer defendant Terrible Herbst Inc for (1) national origin discrimination in violation of Title VII; (2) retaliation; (3) denied hiring as supervisor in violation of Title VII; (4) denied hiring as store manager in violation of Title VII; (5) harassed in violation of Title VII; (6) denied paying 401k benefits and Spanish premium pay; (7) denied meal & rest periods; (8) constructive discharge; and (9) discrimination regarding unemployment benefits claim. ECF No. 1-3. Defendant filed a motion to dismiss. ECF No. 6.

Defendant argues in its motion to stay that its motion to dismiss is dispositive of most of plaintiff's claims and can be decided without discovery. ECF No. 26 at 3. Plaintiff argues that she will be prejudiced by a stay because it may take many months for the Court to decide the motion to dismiss. ECF No. 28 at 2. Defendant argues in its reply that plaintiff did not address its arguments that most of

1

her claims are legally insufficient and subject to dismissal. ECF No. 29 at 2. Defendant argues that plaintiff will not be prejudiced by a temporary stay because she may seek discovery later regarding any surviving claims. *Id.* at 3. The defendant argues that a temporary stay will serve judicial efficiency and save resources. *Id.*

**II.     Analysis**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]"  The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed.  *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

Without prejudging the outcome of the motion to dismiss, I find that there is a significant likelihood that the claims against the defendant will be considerably limited in scope if the Court dismisses the case for failure to state a claim or if the Court eliminates any of the plaintiff's claims. For example, defendant argues that her claim for discrimination during the unemployment proceedings is not

2

viable because absolute privilege applies to Terrible's response to plaintiff's claim for unemployment benefits. ECF No. 6 at 10. Defendant also argues that she did not timely file a charge of discrimination with the EEOC regarding her failure to promote claims. *Id.* These are legal questions that can be decided without discovery. Whether plaintiff has alleged plausible claims at this stage is a matter of law will affect whether the plaintiff can proceed with any of her claims. After a "preliminary peek" and considering the goals of Rule 1 to "secure the just, speedy, and inexpensive determination" of all cases, I find that many of the arguments advanced in the motion to dismiss may have merit. Discovery will be stayed pending resolution of the defendant's motion to dismiss.

Since I am staying discovery, I dismiss plaintiff's motion to compel without prejudice as moot. She may renew her motion, if appropriate, after the Court issues an order on the motion to dismiss. If her claims survive, she must meet and confer with the defendants regarding any outstanding discovery issues prior to renewing her motion to compel.

Accordingly, and for good cause shown,

I ORDER that the defendant's motion to stay discovery (ECF No. 26), pending resolution of the motion to dismiss, is GRANTED.

I FURTHER ORDER that plaintiff's motion to compel (ECF No. 27) is DENIED WITHOUT PREJUDICE.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 17th day of December 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE