UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sheida Hukman,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Terrible Herbst Inc.,<br><br>　　　　　　Defendant(s). | 2:21-cv-01279-ART-MDC<br><br>**Order** |

Plaintiff, Sheida Hukman, filed a pro se *Motion to Strike Defendant's Answer*. ECF No. 62. The Court DENIES the Motion.

The Court ordered the parties to file a *Joint Motion for Pretrial Conference*, updating the Court on the status of the case. ECF No. 58. The Court VACATES the order as moot.

### BACKGROUND

Defendant, Terrible Herbst Inc., filed an *Answer to Plaintiff's Amended Complaint* (ECF No. 60), denying all the allegations within the amended complaint[1] (ECF No. 38). Defendant included within its *Answer* (ECF No. 60) eighteen affirmative defenses. Ms. Hukman filed ECF No. 62, moving to strike all of defendant's affirmative defenses. Defendant filed a response to the *Motion to Strike* asserting that Ms. Hukman's arguments are without merit. ECF No. 65.

### DISCUSSION

**I.　　Legal Standard**

Federal Rules of Civil Procedure 12(f) states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th

---

[1] Defendant does admit to being a corporation doing business in Nevada, but "denies each and every allegation contained therein." ECF No.60 at 4.

Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

This Court has repeatedly held that a showing of prejudice is a threshold issue in considering motions to strike. *Snow Covered Capital, LLC v. Fonfa*, 2023 U.S. Dist. LEXIS 158856, at 3 (D. Nev. March 6, 2023). *See Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (after determining no prejudice existed, finding it unnecessary to strike 30 "listed" affirmative defenses).

## II.     Discussion

### A.     No Prejudice Shown

Ms. Huckman has not made a showing of prejudice in her *Motion to Strike* (ECF No. 62). Ms. Hukman asserts that she "will be prejudiced from allowing Affirmative Defenses through later proceeding. ECF No. 62 at 2. "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested [motion to strike]." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Ms. Hukman does not identify or demonstrate any prejudice that will result from allowing defendants' affirmative defenses to stand. *See Shahrokhi v. Harter*, 2020 U.S. Dist. LEXIS 235275, at 2 (D. Nev. Dec. 15, 2020) (denying Plaintiff's motion to strike for failing "to address, let alone demonstrate, what prejudice will result from allowing the affirmative defenses to stand."). Without proper demonstration of how she will be prejudiced, the Court cannot determine whether Ms. Hukman could be prejudiced by denying her motion to strike.

### B.     Defendant's Affirmative Defenses Give Fair Notice

Defendant's *Answer to the Amended Complaint* (ECF No. 60) asserts eighteen affirmative defenses. Rule 8(c) of the Federal Rules of Civil Procedure states that "a party must affirmatively state any avoidance or affirmative defense. Ms. Hukman moves to strike all eighteen affirmative defenses, asserting that defendants: (1) failed to comply with Rule 8(b); (2) simply recited the standard for a motion to dismiss under Rule 12(b)(6); and (3) failed to give fair notice. ECF No. 62.

Ms. Hukman asserts that defendant failed to comply with Rule 8(b) when pleading its affirmative defenses. *Id.* Rule 8 has two relevant provisions that govern responsive pleadings, Rule 8(b)(1)(A) and Rule 8(c). *FTC v. AMG Servs.*, 2014 U.S. Dist. LEXIS 152864, at 9 (D. Nev. Oct. 27, 2014). Rule 8(b)(1)(A) governs "defenses, admissions, and denials" in general. It states that when responding to a complaint, a party must "state in short and plain terms its defenses to each claim." 2014 U.S. Dist. LEXIS 152864, at 9. Rule 8(c) provides the general rules for pleading "affirmative defenses" and requires a defendant to "affirmatively state any avoidance or affirmative defense." Rule 8(c) does not impose the "short and plain" statement requirement of 8(b)(1)(A). 2014 U.S. Dist. LEXIS 152864, at 9. The Court finds that in determining "insufficient defenses," *Iqbal* and *Twombly* govern Rule 8(b)(1)(A) defenses while *Conley* governs Rule 8(c) affirmative defenses. *Id.* Rule 8(c) merely requires the defendant to respond and "affirmatively state any avoidance or affirmative defense" to the allegations in the complaint. *Id.; See also* Fed. R. Civ. P. 8(c). Under *Conley*, Rule 8(c) affirmative defenses must merely provide fair notice. 2014 U.S. Dist. LEXIS 152864, at 9. Rule 8(b) is not the correct standard to determine whether defendant's affirmative defenses are insufficient.

Ms. Hukman asserts that she was not given fair notice. ECF No. 62. The Ninth Circuit held that "[t]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Snow Covered Capital, LLC v. Fonfa,* 2023 U.S. Dist. LEXIS 158856, at 2 (D. Nev. March 6, 2023) (citing *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Sims v. Peak Legal Advocates*, No. SACV 18-1199 JVS (KESx), 2018 U.S. Dist. LEXIS 196245, at 2 (C.D. Cal. Nov. 16, 2018) ("Although other courts have held defendants to the *Iqbal* and *Twombly* standard of plausibility, in the Ninth Circuit, a 'fair notice' standard applies to pleading affirmative defenses. Fair notice only requires a defendant to describe an affirmative defense in 'general terms.'")). Defendant has met the fair notice requirement.

Ms. Hukman asserts that defendant's affirmative defenses are insufficient because defendant merely recites the standard for Rule 12(b)(6), failure to state a claim upon which relief can be granted.

ECF No. 62. Courts disagree as to whether a Rule 12(b)(6) type assertion can be asserted as an affirmative defense. *Vanguard Dealer Servs., LLC v. Cervantes*, 2023 U.S. Dist. LEXIS 981289, at 13. Some hold that it is not a true affirmative defense while others find that its inclusion in a responsive pleading is generally authorized by FRCP 12(h)(2). *Id.* Because Rule 12(h)(2) expressly permits the defendants to raise an alleged failure to state a claim in their answer, the Court permits the alleged defense to stand. *See Id.*

### III.     Joint Motion for Pretrial Conference is Moot

On August 11, 2023, the Court ordered (ECF No. 58) the parties to file a *Joint Motion for Pretrial Conference* by January 16. 2024, updating the Court on the status of the case.  At the time of the Court's August 11, 2023, minute order (ECF No.8), discovery was stayed pending a determination of defendant's motion to dismiss (ECF No. 43). The parties did not comply with the Court's August 11, 2023, minute order (ECF No. 58) and did not file the requested *Joint Motion for Pretrial Conference*.

On September 29, 2023, the Court entered an order (ECF No. 59) granting in part and denying in part defendant's motion to dismiss.  On November 11, 2023, the Court issued a *Scheduling Order* (ECF No. 63) granting the *Amended Stipulated Discovery Plan* (ECF No. 61) and lifting the discovery stay.  Thus, the Court's August 11, 2023 minute order requiring the parties to submit a *Joint Motion for Pretrial Conference* updating the Court on status is now moot.  That said, the parties are reminded that they must comply with all Court orders and should have filed the required *Joint Motion for Pretrial Conference* providing the requested update on the status of the case.

ACCORDINGLY,

IT IS ORDERED that Plaintiff's *Motion to Strike Defendant's Answer to Amended Complaint* is DENIED.

IT IS FURTHER ORDERED that the Court VACATES the order to submit a *Joint Motion for Pretrial Conference* (ECF No. 58), updating the Court on the status of the case, as moot.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 31st day of January 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge