1

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3      SHEIDA HUKMAN,                                Case No. 2:21-cv-01279-ART-MDC

4                                  Plaintiff,                       ORDER

5              v.

6      TERRIBLE HERBST, INC.,

7                                  Defendant.

8          Plaintiff Sheida Hukman brings this case against her former employer,

9      Terrible Herbst, alleging that Terrible discriminated against her, in violation of

10     the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and Nevada state law.

11     Before the Court is Plaintiff's objection (ECF No. 69) to an order by Magistrate

12     Judge Maximiliano D. Couvillier (ECF No. 67). That order denies Plaintiff's motion

13     to strike (ECF No. 62) the affirmative defenses pled in Defendant's Answer (ECF

14     No. 60) to Plaintiff's Amended Complaint (ECF No. 38). The Court overrules in

15     part and sustains in part Plaintiff's objection.

16         "A non-dispositive order entered by a magistrate must be deferred to unless

17     it is 'clearly erroneous or contrary to law.'" *Grimes v. City of San Francisco*, 951

18     F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A));

19     *see also* LR IB 3-1(a). Denial of a motion to strike is non-dispositive. *See, e.g.*,

20     *Schrader v. Wynn*, Case No. 2:19-cv-2159 JCM (BNW), 2021 WL 619376, at *3

21     (D. Nev. Feb. 17, 2021); *Williams v. Ryals*, Case No. 3:21-cv-00133-ART-CLB,

22     2022 WL 17820350, at *6 (D. Nev. Dec. 20, 2022). A finding of fact is clearly

23     erroneous when the reviewing judge is "'left with the definite and firm conviction

24     that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242

25     (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

26     (1948)). In reaching this decision, "[a] reviewing court may not simply substitute

27     its judgement for that of the deciding court." *Grimes*, 951 F.2d at 241.

28         Federal Rules of Civil Procedure 12(f) states that "the court may strike from

1

1    a pleading an insufficient defense or any redundant, immaterial, impertinent, or

2    scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is "to avoid

3    the expenditure of time and money that must arise from litigating spurious issues

4    by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft*

5    *Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d

6    1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.*, 510

7    U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

8    Here, Judge Couvillier denied Plaintiff's motion to strike because Plaintiff

9    had not shown that she would face prejudice absent that strike. (ECF No. 67 at

10   2); *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D.

11   Nev. 2013) ("Given their disfavored status, courts often require a showing of

12   prejudice by the moving party before granting the requested [motion to strike].");

13   *ARE-East River Science Park, LLC v. Lexington Insurance Company*, CV 13-1837-

14   JFW (JCGx), 2013 WL 12144098, at * 1 (C.D. Cal. Apr. 16, 2013) (same). Judge

15   Couvillier also held that Defendant's affirmative defenses had been properly pled

16   under the rules of civil procedure. (ECF No. 67 at 2-4.) Judge Couvillier's order

17   was not clearly erroneous or contrary to law.

18   Plaintiff objects that her motion to strike clearly demonstrated that she

19   would face prejudice absent a strike. (ECF No. 69 at 1.) Plaintiff's motion to strike

20   states "Plaintiffs will be prejudiced from allowing Affirmative Defenses through

21   later proceeding." (ECF No. 62 at 2; *see also id.* at 4, 15.) It does not elaborate or

22   explain how a failure to strike would lead to unfair prejudice. A mere conclusion

23   that "I will be prejudiced" is not enough to support a motion to strike. Nor did

24   Plaintiff's motion demonstrate how Defendant's affirmative defenses were

25   redundant, immaterial, impertinent, or scandalous under Fed. R. Civ. P. 12(f).

26   Plaintiff objects that Defendant should have pled its affirmative defenses

27   earlier in the litigation process. (ECF No. 69 at 1.) But a defendant generally need

28   not plead an affirmative defense before it has filed an answer. *See* Fed. R. Civ. P.

2

1    8(c); *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008). Defendant's

2    answer was timely filed 13 days after the resolution of its motion to dismiss. *See*

3    Fed. R. Civ. P. 12(a)(4) (setting a 14-day deadline for responsive filings following

4    the resolution of a motion); *El v. San Diego Unified School District*, No. 21-55805,

5    2022 WL 1714284, at *1 (9th Cir. 2022) (rejecting plaintiff's "incorrect belief that

6    a defendant is required to file an answer prior to the resolution of a motion to

7    dismiss"). Plaintiff's argument is also insufficient because it was never raised in

8    her original motion to strike.

9         Plaintiff objects that Defendant's first affirmative defense, which argues

10    that Plaintiff has failed to state a claim upon which relief can be granted, is

11    precluded by this Court's past order (ECF No. 59) on Defendant's partial motion

12    to dismiss (ECF No. 38). Judge Couvillier's order on Plaintiff's motion to strike

13    addressed Defendant's general ability to plead a 12(b)(6)-type argument as an

14    affirmative defense, but it did not address the preclusion issue. (*See* ECF No. 67

15    at 3-4.) This was clear error.  The Court therefore partially sustains this portion

16    of Plaintiff's objection. The Court's order on Defendant's partial motion to dismiss

17    addressed the sufficiency of some, but not all, of Plaintiff's claims on 12(b)(6)

18    grounds. (ECF No. 59.) Defendant is precluded from applying its first affirmative

19    defense to any claim this Court has already deemed sufficient under Fed. R. Civ.

20    P. 12(b)(6). Defendant may continue to assert its first affirmative defense against

21    any claim this Court has not already upheld on 12(b)(6) grounds.

22         Finally, Plaintiff objects that Defendant's affirmative defenses do not set

23    forth a "short and plain statement" of the defense under Fed. R. Civ. P. 8(a). (ECF

24    No. 69 at 3.) Rule 8(a) sets the standards for pleading claims for relief and is not

25    applicable to Defendant's affirmative defenses. *See* Fed. R. Civ. P. 8(a). Judge

26    Couvillier addressed a similar argument in his order and held that: (1) Fed. R.

27    Civ. P. 8(c) governs affirmative defenses; (2) under that standard, a defendant

28    need only provide fair notice of her defenses; and (3) Defendant's answer has

1    provided fair notice of its affirmative defenses. (ECF No. 67 at 2-3 (citing *Conley*

2    *v. Gibson*, 355 U.S. 41 (1957))); *see also FTC v. AMG Servs.*, No. 2:12-cv-536-

3    GMN-VCF, 2014 WL 5454170, at *7 (D. Nev. Oct. 27, 2014). This decision was

4    neither clearly erroneous nor contrary to law.

5         The Court has considered Plaintiff's other objections, finds they are without

6    merit, and declines to address them here.

7         It is therefore ordered that Plaintiff Sheida Hukman's objection (ECF No.

8    69) to Judge Couvillier's order (ECF No. 67) is overruled in part and sustained in

9    part, in keeping with this order.

10

11        Dated this 1st day of July 2024.

12

13

14    _____
      ANNE R. TRAUM
15    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28