UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHEIDA HUKMAN,

                                    Plaintiff,

        v.

TERRIBLE HERBST, INC.,

                                    Defendant.

Case No. 2:21-cv-1279-ART-MDC

ORDER

This is a civil rights action brought by *pro se* plaintiff Sheida Hukman, alleging various claims of employment discrimination against her former employer, Terrible Herbst Inc. ("Terrible's"). On March 7, 2025, the Court entered summary judgment in favor of Terrible's. (ECF No. 96.) Ms. Hukman moves for reconsideration. (ECF No. 102.) For the following reasons, the Court denies Ms. Hukman's motion for reconsideration.

## I. LEGAL STANDARD

"If a motion for relief from an order or judgment is filed within the time provided for by Rule 59(e), it should be considered a motion for reconsideration pursuant to Rule 59(e). Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order." *Leonard v. Diaz*, No. 1:22-CV-00381-KES-GSA, 2025 WL 1159063, at *2 (E.D. Cal. Apr. 21, 2025) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 888-89 (9th Cir. 2001)). Motions to Alter or Amend a Judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Ms. Hukman's motion will be construed as a Rule 59(e) motion. Two days after the entry of judgment in Terrible's favor, Ms. Hukman filed a motion to extend time to file a motion for reconsideration. (ECF No. 98.) The motion was granted, and Ms. Hukman timely filed a motion for reconsideration about a month and four days after the entry of judgment. (ECF No. 102.) Although Ms.

1

Hukman did not specify in her motion to extend time or her motion for reconsideration whether she was moving under Federal Rule of Civil Procedure 59(e) or 60, the Court infers that the motion arises under Rule 59(e). There would not have been a need for Ms. Hukman to move for an extension of time if she intended to bring her motion under Rule 60, which only requires that motions be made "within a reasonable time" or no more than a year after the entry of judgment, depending on the basis for reconsideration asserted. Fed. R. Civ. P. 60(c).

Although district courts have considerable discretion to decide Rule 59(e) motions, amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *see also* LR 59-1(a). Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Under unusual circumstances, an amendment for other reasons may be appropriate. *Allstate Ins. Co.*, 634 F.3d at 1111.

A Rule 59(e) motion may not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)*; Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (finding that the district court did not abuse its discretion when it denied a Rule 59(e) motion on the basis that a movant had opportunities to bring its choice-of-law argument prior to entry of judgment). Neither may it "be used to relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at

486 n.5; *see also* LR 59-1(b) (A movant "must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.").

## II. DISCUSSION

Ms. Hukman's motion for reconsideration contains two types of arguments. First, she argues that much of the evidence that Terrible's presented in support of summary judgment, and on which the Court relied, is inadmissible. Second, she repeats arguments from her case in chief, some with slight modifications that are responsive to the Court's order granting summary judgment. Neither line of reasoning is sufficient for Ms. Hukman to obtain reconsideration, because they could have been or actually were raised prior to entry of judgment.

Ms. Hukman's arguments going to the admissibility of Terrible's evidence are improper because they could have been brought before the entry of judgment. *Exxon Shipping Co.*, 554 U.S. at 486 n.5; *Kona Enters., Inc.*, 229 F.3d at 890. Ms. Hukman argues that Terrible relies on time-barred evidence, on a video-audio recording taken without her consent in circumstances that amounted to criminal wiretapping, forged or perjured statements, and documents that she never received, and unsworn statements. Ms. Hukman responded to Terrible's motion without making these objections. Her present motion for reconsideration does not allege any change in law, newly discovered fact, or other circumstance that would explain why she did not make these objections until now.

Where Ms. Hukman's motion for reconsideration repeats the same arguments that she has previously presented before the court, it is not proper. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Neither is it persuasive, as the Court already considered and rejected these arguments. *See Edwards v. Juan Martinez, Inc.*, No. 2:20-CV-00570-JAD-EJY, 2021 WL 12295881, at *1 (D. Nev. Sept. 15, 2021). Ms. Hukman claims that she was paid less than male employees who were performing the same duties; that she was told to quit or transfer to a

different location, denied a pay bonus to which she was entitled for speaking fluent Spanish, and denied promotions because of unlawful discrimination; that she was retaliated against for filing a Title VII complaint. Insofar as these are the same positions that she took in her response to summary judgment, they are not taken into account on reconsideration.

Some of Ms. Hukman's arguments relating to her case in chief have been slightly modified in her motion for reconsideration, but these too are improper because she has not explained why she did not bring these modified arguments in the first instance. For example, in her response to Terrible's motion for summary judgment, Ms. Hukman said that while other cashiers were given lunch and rest breaks, she "was not directed to take any breaks." (ECF No. 85.) In her motion for reconsideration, she now says that she "was directed not to take any breaks." (ECF No. 102.) Like Ms. Hukman's arguments going to the propriety of Terrible's evidence, this is a position that she could have taken in response to the motion for summary judgment and did not. Controlling precedent requires dismissing arguments that "could have been raised prior to the entry of judgment" and were not. *Exxon Shipping Co.*, 554 U.S. at 486 n.5; *Kona Enters., Inc.*, 229 F.3d at 890.

**III.     CONCLUSION**

It is therefore ordered that Plaintiff's Motion for Reconsideration (ECF No. 102) is DENIED. The case remains closed.

Dated this 26th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4