UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHEIDA HUKMAN,

                                    Plaintiff,

        v.

TERRIBLE HERBST, INC.,

                                    Defendant.

Case No. 2:21-cv-1279-ART-MDC

ORDER

This is a civil rights action brought by *pro se* plaintiff Sheida Hukman, who alleges various claims of employment discrimination against her former employer, Terrible Herbst Inc. ("Terrible's"). Ms. Hukman's claims arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; the Equal Pay Act, 29 U.S.C. § 206(d)(1); and NRS 608.017. On March 7, 2025, the Court entered summary judgment in favor of Terrible's. (ECF No. 96.) Terrible's has filed a bill of costs, to which Ms. Hukman objects. (ECF Nos. 100; 106.) For the following reasons, the Court sustains Ms. Hukman's objection and declines to award costs.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." While the rule creates a presumption in favor of awarding costs, it also vests discretion in the district court to decline to do so. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–93 (9th Cir. 2000). The district court must specify reasons for any refusal to award costs. *Id.*

When determining whether to deny costs, the Ninth Circuit considers

(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic

1

disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing id.).

## II. DISCUSSION

Terrible's, as the prevailing party, has filed a bill of costs claiming $4,325.95 in clerk fees and transcription fees under Fed. R. Civ. P. 54(d) and Local Rule 54-1 through 54-12. (ECF No. 100; 107.) Plaintiff objects to the bill of costs on several grounds, one of which is that she "does not have any money because she is not working." (ECF No. 106.) Ms. Hukman is a pro se plaintiff of limited means who brought this case in an effort to vindicate her civil rights. Due to the character of the case and the financial disparity between the parties, the Court declines to award costs to Terrible's.

The important nature of the rights that Ms. Hukman sought to vindicate in this case counsels against awarding costs. Many of Ms. Hukman's claims in this case arise under Title VII, and those that do not arise under the Equal Pay Act and NRS 608.017, both of which prohibit sex-based wage discrimination. An individual Title VII case implicates "significant public values." Coulter v. Newmont Gold Co., 873 F. Supp. 394, 397 (D. Nev. 1994). So do individual cases relating to sex-based wage discrimination. See Stanley v. Univ. of S. California, 178 F.3d 1069, 1080 (9th Cir. 1999) (even unsuccessful Equal Pay Act claims "raise important issues"). Ms. Hukman's claims were substantial enough to survive two motions to dismiss. Awarding costs to Terrible's may produce a chilling effect, discouraging potential civil rights plaintiffs from exercising their rights when they believe they may not be able to afford a loss. Stanley, 178 F.3d at 1080 (justifying denial of costs to a prevailing defendant in an Equal Pay Act case by noting that "[w]ithout civil rights litigants who are willing to test the boundaries of our laws,

we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educaction.*") (internal citations omitted).

Imposing costs against a civil rights plaintiff in Ms. Hukman's position would impose a substantial and disproportionate burden upon her for attempting to exercise her rights. Ms. Hukman appears to have limited financial resources and there is an economic disparity between the parties. Ms. Hukman appears *pro se,* was paid only $8.50 while employed by the Defendant, a corporation, and has been unstably employed since. (ECF Nos. 106 at 7; 75 at 5.)

Under all the circumstances, the Court exercises its discretion to grant Ms. Hukman's objection to the bill of costs.

### III.  CONCLUSION

It is therefore ordered that Plaintiff's objection to Defendant's bill of costs is SUSTAINED. (ECF No. 106.) Defendant is not awarded the costs itemized in its bill of costs. (ECF No. 100.)

Dated this 26th day of February, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE